IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JUDI A. DAVIS, | ) | |
| | ) | CASE NO. BK04-84056 |
|             Debtor(s). | ) | A05-8023 |
| JUDI A. DAVIS, | ) | |
| | ) | |
|             Plaintiff, | ) | CH. 7 |
| | ) | |
|   vs. | ) | |
| | ) | |
| MONOGRAM CREDIT CARD BANK | ) | |
| OF GEORGIA, | ) | |
| | ) | |
|             Defendant. | ) | |

ORDER

This matter is before the court on debtor's motion for default judgment (Fil. #8). Katherine Owen represents the debtor. The motion was taken under advisement as submitted without oral arguments.

The debtor moved for default judgment after service of process on the defendant and the expiration of the time for filing an answer. The court deferred ruling on the motion, expressing concerns about proper venue.

The debtor filed this adversary proceeding to recover as a preference a garnishment of $708.69 occurring within 90 days prior to the bankruptcy petition date. The defendant is a credit card issuer.

Before entering the judgment requested by the plaintiff, the court must determine whether it has personal jurisdiction over the defendant, and if so, whether this is the appropriate venue for the action. First, there is no evidence from which the court can determine that Monogram Credit Card Bank of Georgia has sufficient minimum contacts with Nebraska to warrant an expectation of being sued here. See Stumpf v. Creel & Atwood, P.C. (In re Lockwood Corp.), 216 B.R. 628, 633 (Bankr. D. Neb. 1997). Second, even if there were such evidence from which personal jurisdiction could be established, this would not be the appropriate venue for the lawsuit. Under 28 U.S.C. § 1409(b)[1], this action to recover a

---

[1]The relevant portions of that section provide:

(continued...)

preference of less than $1,000 should be brought in the district in which the defendant resides.[2] See In re Bailey & Assocs., Inc., 224 B.R. 734, 739 (Bankr. E.D. Mo. 1998).

Finally, § 1409(b) references actions brought by a trustee. In cases such as this one – a no-asset case in which the trustee has abandoned all the property – the debtor has standing to avoid a transfer if (1) the property transferred would have been exempt, (2) the property was not transferred voluntarily, and (3) the trustee has not sought to bring an avoidance action. James v. Planters Bank (In re James), 257 B.R. 673, 675 (B.A.P. 8th Cir. 2001).

Accordingly, it appears that venue of this case is not properly in this district under 28 U.S.C. § 1409(b). For that reason, this court cannot enter judgment in the case, and the case should be dismissed.

IT IS ORDERED: The debtor's motion for default judgment (Fil. #8) is denied. This adversary proceeding is dismissed.

DATED:    July 6, 2005

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:

---

[1](...continued)
(b) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the district court for the district in which the defendant resides.

[2]A defendant corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). As mentioned above, there is no evidence from which that determination can be made here.

*Katherine Owen
U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.